IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02746-BNB

MARTIN PEDRO,

    Plaintiff,

v.

MICHAEL SMITH, and
SEVERAL UNKNOWN FBOP STAFF MEMBERS,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Martin Pedro, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at United States Penitentiary, Administrative Maximum, in Florence, Colorado.  Mr. Pedro filed *pro se* a prisoner complaint pursuant to 42 U.S.C. § 1983.  He asks for money damages, injunctive relief, and the appointment of counsel.  He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    The Court must construe Mr. Pedro's filings liberally because he is representing himself.  **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate.  **Hall**, 935 F.2d at 1110.  For the reasons stated below, Mr. Pedro will be directed to file an amended complaint.

    Mr. Pedro appears to allege that on July 20, 2010, BOP officials conducted a "cell extraction" of a co-inmate housed next door, and the "c. s. gas" used in the process

caused Mr. Pedro to suffer a severe asthma attack.  On the basis of these allegations, Mr. Pedro contends Defendants were deliberately indifferent to his serious medical needs.  Mr. Pedro makes additional allegations, but the Court is unable to understand them because his handwriting is nearly undecipherable.

Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible.  **See** D.C.COLO.LCivR 10.1E. and G.  The amended complaint Mr. Pedro be directed to file, if handwritten, shall be double-spaced and written legibly, in capital and lower-case letters.

The amended complaint Mr. Pedro will be directed to file also must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  ***See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas***, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  ***See TV Communications Network, Inc. v. ESPN, Inc.***, 767 F. Supp. 1062, 1069 (D. Colo. 1991), ***aff'd***, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading

rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.  In order for Mr. Pedro to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  **Nasious v. Two Unknown B.I.C.E. Agents**, 492  F.3d 1158, 1163 (10th Cir. 2007).

Mr. Pedro must assert personal participation by each named defendant.  **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Pedro must name and show how the named defendants caused a deprivation of his federal rights.  **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).  A supervisor is only liable for constitutional violations that he or she causes.  **See Dodds v. Richardson**, 614 F.3d 1185, 1211 (10th Cir. 2010).

Mr. Pedro may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Pedro uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Pedro, therefore, will be directed to file an amended complaint on the Court-approved complaint form that is legible to read, asserts his claims clearly and concisely, alleges what rights were violated, and provides specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations.

Accordingly, it is

ORDERED that Plaintiff, Martin Pedro, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that Mr. Pedro shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Pedro fails to file an amended complaint that complies with this order within the time allowed, the Court will dismiss the complaint and the action. It is

FURTHER ORDERED that the request for the appointment of counsel is denied as premature.

DATED January 17, 2012, at Denver, Colorado.

                                                  BY THE COURT:

                                                  s/ Boyd N. Boland
                                                  United States Magistrate Judge