IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 11-cv-02746-CBS

MARTIN PEDRO,
    Plaintiff,
v.

(1) MICHAEL SMITH,
(2) LIEUTENANT, JOHN DOE,
(3) CORRECTIONAL OFFICER, JOHN DOE,
(4) CORRECTIONAL OFFICER, JOHN DOE,
(5) CORRECTIONAL OFFICER, JOHN DOE,
(6) CORRECTIONAL OFFICER, JOHN DOE, and
(7) CORRECTIONAL OFFICER, JOHN DOE,
    Defendants.
_____

MEMORANDUM OPINION AND ORDER
_____

This civil action comes before the court on: (1) "Defendant Smith's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and/or Fed. R. Civ. P. 12(b)(6)" (filed May 25, 2012) (Doc. # 29), and (2) Mr. Pedro's Motion to Amend (filed July 5, 2012) (Doc. # 38). On April 19, 2012, the above-captioned case was referred to Magistrate Judge Craig B. Shaffer to handle all dispositive matters including trial and entry of a final judgment in accordance with 28 U.S.C. 636(c), Fed. R. Civ. P. 73, and D.C. COLO. LCivR 72.2. (*See* Doc. # 21). The court has reviewed the Motions, Mr. Pedro's Response (filed June 14, 2012) (Doc. # 32), Defendant's Reply (filed July 19, 2012) (Doc. # 42), Defendant's Response (filed July 31, 2012) (Doc. # 43), Mr. Pedro's Reply (filed August 13, 2012) (Doc. # 44), the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

Mr. Pedro is currently incarcerated at the Administrative Maximum facility in Florence, Colorado ("ADX Florence"). Mr. Pedro brings one claim in the Amended Complaint ("AC") (Doc. # 8) pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), for deliberate indifference in violation of the Eighth Amendment. (*See* Doc. # 8 at 3-6 of 11). Mr. Pedro alleges that on July 20, 2010, the John Doe Defendants, who were

1

"members of the cell extraction team," violated his Eighth Amendment rights, federal regulations, and federal policy when they "employed the use of C.S. gas" while performing a cell extraction of inmate Sean Gillespie, who was housed in the cell next to his cell. (*See id.* at 3-6 of 11). Mr. Pedro alleges that Defendant Smith "failed to check the medical records of the inmates on the range to see if any suffered from respiratory illnesses & to notify the lieutenant John Doe to have me moved before the employment of C.S. gas." (*See* Doc. # 8 at 4 of 11). He alleges that Defendants' actions caused him to suffer an asthma attack. (*See id.* at 5-6 of 11). Mr. Pedro seeks "money damages." (*See id.* at 8 of 11).

II.   Standard of Review

Defendant Smith moves to dismiss the AC pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). Defendant's argument that, to the extent that Mr. Pedro's claims seek monetary damages against him in his official capacity the claims are barred by the doctrine of sovereign immunity, constitutes a challenge to subject matter jurisdiction. *See Normandy Apartments, Ltd. v. U.S. Dept. of Housing and Urban Development*, 554 F.3d 1290, 1295 (10th Cir. 2009) ("The defense of sovereign immunity is jurisdictional in nature, depriving courts of subject-matter jurisdiction where applicable.") (citation omitted). Mr. Pedro has "[t]he burden of establishing subject matter jurisdiction" because he is "the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

Fed. R. Civ. P. Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The burden is on the plaintiff to frame

"a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 550 U.S. at 556. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Because Mr. Pedro appears *pro se*, the court reviews his "pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009) (court's role is not to act as pro se litigant's advocate); *Yang v. Archuleta*, 525 F. 3d 925, 927 n. 1 (10th Cir. 2008) (the court cannot be a pro se litigant's advocate); *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

III.   Analysis

A.   Claims against Defendants in their Individual vs. Official Capacities

Mr. Pedro did not specify in his pleading whether he is suing Defendants in their official capacities, their individual capacities, or both. In *Bivens*, 403 U.S. at 388, the Supreme Court recognized "an implied private right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 66 (2001). "If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity." *Malesko*, 534 U.S. at 72. "The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP." *Malesko*, 534 U.S. at 72. *See also Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005) ("a *Bivens* claim lies against the federal official in his individual capacity – not . . . against officials in their official capacity"); *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003) ("a *Bivens* claim

cannot be brought against the BOP, as a federal agency, or the other defendants in their official capacities") (citation omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002) (doctrine of sovereign immunity precludes a *Bivens* action against the United States or any agency thereof); *Weaver v. United States*, 98 F.3d 518, 520 (10th Cir. 1996) (claim for damages against a federal defendant in his official capacity is treated as a claim against the United States). Sovereign immunity would bar any *Bivens* claim against Defendants in their official capacities. In his Response, Mr. Pedro clarifies that "this is not an official capacity claim" and that he is suing the Defendants in their individual capacities. (*See* Doc. # 32 at 12-13 of 16). The court thus proceeds to evaluate Mr. Pedro's claims for violation of his Eighth Amendment rights against the Defendants in their individual capacities pursuant to *Bivens*, 403 U.S. at 388.

B.     Violation of Federal Regulations or Policy

To the extent that Mr. Pedro alleges that Defendants violated federal regulations or policy, the "failure to adhere to administrative regulations does not equate to a constitutional violation." *Hovater v. Robinson*, 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993) (citing *Davis v. Scherer*, 468 U.S. 183, 194 (1984) ("[o]fficials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision")). *See also Gaines v. Stenseng*, 292 F.3d 1222, 1225 (10th Cir. 2002) ("To the extent [plaintiff] seeks relief for alleged violations of state statutes and prison regulations, however, he has stated no cognizable claim" for deprivation of a right secured by the Constitution or laws of the United States.) (citations omitted); *Arcoren v. Peters*, 829 F.2d 671, 676 (8th Cir.1987) (a Bivens action "must be founded upon a violation of constitutional rights"); *Malik v. Kindt*, No. 95-6057, 76 F.3d 393, 1996 WL 41828, at * 2 (10th Cir. Feb. 2, 1996) ("a Bivens action must be founded upon a violation of constitutional rights and a failure to adhere to administrative regulations does not equate to a constitutional violation") (internal quotation marks and citations omitted).[1] Mr. Pedro's allegations of violation of a prison administrative regulation, rule, policy, or procedure are

---

[1]   Copies of unpublished cases cited are attached to this Recommendation.

properly dismissed pursuant to Rule 12(b)(6) for failure to state a claim to which relief can be granted under *Bivens*.[2]

C.     Eighth Amendment Claim

"To establish a *Bivens* cause of action, a party must have some evidence to support finding that [a] federal agent acting under color of such authority violated some cognizable constitutional right of plaintiff." *Hron v. Jenkins*, 15 F. Supp. 2d 1082, 1085 (D. Kan. 1998) (citing *Bivens,* 403 U.S. at 388). The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. CONST. Amend. VIII. "[T]he treatment a prisoner receives in prison . . . [is] subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted).

An Eighth Amendment claim involves "a two-pronged inquiry, comprised of an objective component and a subjective component." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006). "Under the objective inquiry, the alleged deprivation must be sufficiently serious to constitute a deprivation of constitutional dimension." *Self*, 439 F.3d at 1230 (internal quotation marks and citation omitted). Under the subjective inquiry, the defendant must have acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). To meet the subjective component of an Eighth Amendment claim, a plaintiff must establish the defendant "knew [plaintiff] faced a substantial risk of harm and disregarded that risk, 'by failing to take reasonable measures to abate it.'" *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (quoting *Farmer*, 511 U.S. at 847). For a prison official to be found liable of deliberate indifference under the Eighth Amendment, "the official must 'know[ ] of and disregard[ ] an excessive risk to inmate

---

[2]     Mr. Pedro alleges that the Doe Defendants used a chemical agent on another inmate located in the cell next to him. Even if Mr. Pedro could base his *Bivens* claim on an alleged violation of prison regulations, rules, policies, or procedures, the Program Statement that he relies upon does not require a review of the medical records of all inmates on a particular range or housing unit, but only the inmate against whom chemical agents may be used. *See* U.S. Dept. of Justice, Federal Bureau of Prisons, Program Statement No. 5566.06 at 16 of 22 ("Ordinarily, in a calculated use of force situation, the inmate's medical file must be reviewed by these [qualified health] personnel to determine whether the inmate has any diseases or conditions which would be dangerously affected if chemical agents or non-lethal weapons are used."). The prison regulations, rules, policies, or procedures Mr. Pedro relies upon do not support his claim.

health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must draw the inference.'" *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 809 (10th Cir. 1999) (quoting *Farmer*, 511 U.S. at 837).

Mr. Pedro does not allege that he was the intended recipient or directly sprayed with the chemical agent. He alleges he suffered from exposure to it when the John Doe Defendants sprayed another inmate, Sean Gillespie, during a cell extraction. Mr. Pedro sought treatment at the prison's Health Services center, reporting difficulty breathing. (*See* Doc. # 8 at 5 of 11; Doc. # 1 at 8-10 of 25).[3] Mr. Pedro alleges that Defendant Smith's failure to review his medical file prior to the cell extraction and failure to notify the cell extraction team prior to the use of "C.S. gas" "resulted in me suffering an asthma attack." (*See* Doc. # 8 at 3, 5 of 11).[4] Mr. Pedro does not allege that Defendant Smith was present when the inmate next door was extracted from his cell or participated in exposing him to "C.S. gas." Nor does Mr. Pedro allege that Defendant Smith delayed or denied him medical treatment. (*See* Doc. # 32 at 16 of 16 ("Plaintiff wishes to drop his 8th amendment claim against Defendant Smith for denial or undue delay of medical care.")). Mr. Pedro alleges that Defendant Smith provided him medical treatment for his asthma attack. (*See id.* at 5 of 11; Doc. # 1 at 8-10 of 25).

The "use of mace, tear gas or other chemical agent of the like nature when reasonably necessary . . . to subdue recalcitrant prisoners does not constitute cruel and inhumane punishment." *Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984). *See also Clemmons v. Greggs*, 509 F.2d 1338, 1340 (5th Cir. 1975) (same); *Poindexter v. Woodson*, 510 F.2d 464, 466-67 (10th Cir. 1975) (in absence of any malice on the part of defendants, use of tear gas as control measure during period of disruption at prison was not improper); *Bethea v. Crouse*, 417

---

[3] "[I]n deciding a motion to dismiss pursuant to Rule 12(b)(6), a court may look both to the complaint itself and to any documents attached as exhibits to the complaint." *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) (citing Fed.R.Civ.P. 10(c); ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes"); *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991) ("a written document that is attached to the complaint as an exhibit is considered part of the complaint and may be considered in a Rule 12(b)(6) dismissal.")).

[4] Mr. Pedro's allegation that his exposure to "CS gas" cause an asthma attack is based merely on his own subject report to Defendant Smith. (*See* Doc. # 1 at 8 of 25).

F.2d 504, 509 (10th Cir. 1969) (teargassing was purely disciplinary measure and did not amount to cruel and unusual punishment). Nevertheless, a prisoner's exposure to tear gas and similar chemical agents can be sufficiently serious to raise an Eighth Amendment claim if prison officials use it in quantities greater than necessary or for the sole purpose of punishment or the infliction of pain. *Soto*, 744 F.2d at 1270.

Personal participation is an essential allegation in a *Bivens* action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("each Government official, . . . is only liable for his or her own misconduct"); *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003) ("[D]irect, personal participation [is] required to establish Bivens liability."), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Antelope v. U.S.*, Civil No. 08-cv-00649-LTB-MEH, 2009 WL 473655, at *6 (D. Colo. 2009) ("A Bivens action requires an allegation of personal participation, demonstrating how each defendant caused the deprivation of a federal right.") (citation omitted). Mr. Pedro does not allege that Defendant Smith made the decision to use "C.S. gas," was present, or personally participated in the cell extraction next door to his cell. At the Preliminary Scheduling Conference held on June 27, 2012, Mr. Pedro acknowledged that he does not know whether Defendant Smith was present at the cell extraction. The allegations do not plausibly suggest that Defendant Smith personally participated in the use of "C.S. gas" during the July 20, 2010 cell extraction. Mr. Pedro makes no allegation that Defendant Smith was responsible for unreasonably using a chemical agent. As Mr. Pedro's allegations do not arguably state a claim for relief against Defendant Smith for violation of the Eighth Amendment, his claim is properly dismissed.

Nor do Mr. Pedro's allegations satisfy the subjective component of his Eighth Amendment claim that Defendant Smith acted with the requisite mental state. Mr. Pedro makes no allegations regarding the state of mind of any of the Defendants regarding their subjective knowledge of his "respiratory illnesses." Mr. Pedro does not allege that Defendant Smith had any knowledge that C.S. gas would be used on July 10, 2010. The AC contains no facts to plausibly demonstrate that Defendant Smith knew that Mr. Pedro suffered a respiratory condition that would be exacerbated by exposure to "C.S. gas" and disregarded that risk. *See Farmer*, 511

U.S. at 837 ("the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference"); *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006) ("To prevail on the subjective component, the prisoner must show that the defendants knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it.") (internal quotation marks and citation omitted). To the extent that Mr. Pedro argues that Defendant Smith's failure to move him before the cell extraction "shows his incompetence" and establishes the subjective component of Plaintiff's claim" (*see* Doc. # 32 at 11 of 16), negligent exposure to tear gas does not satisfy the subjective element of an Eighth Amendment claim. *Ayon v. NEOCC*, No. 4:11 CV 1010, 2011 WL 5373784, at * 3 (N.D. Ohio 2011). As Mr. Pedro fails to allege sufficient facts to plausibly support the subjective component of an Eighth Amendment claim against Defendant Smith, his claim is properly dismissed.

D.   Qualified Immunity

Defendant Smith raises the individual capacity defense of qualified immunity. Whether a defendant is entitled to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007).

> Resolution of a dispositive motion based on qualified immunity involves a two-pronged inquiry. First, a court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right. Second, . . . the court must decide whether the right at issue was clearly established at the time of the defendant's alleged misconduct.

*Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation marks and citations omitted). "A reviewing court may exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id*. "Qualified immunity is applicable unless" the plaintiff can satisfy both prongs of the inquiry. *Id*.

As the court has concluded that Mr. Pedro fails to state any Eighth Amendment violation by Defendant Smith, the court need not reach the "clearly established" prong of qualified immunity to conclude that dismissal is correctly granted in favor of Defendant. Defendant in his

individual capacity is entitled to qualified immunity. *See Wilder*, 490 F .3d at 815 (instructing district court on remand to enter judgment in favor of defendant on basis of qualified immunity, where plaintiff failed to carry his burden to show violation of a constitutional right).

E.    John Doe Defendants

There is no provision in the Federal Rules of Civil Procedure for the naming of fictitious or anonymous parties in a lawsuit. *Watson v. Unipress, Inc.*, 733 F.2d 1386, 1388 (10th Cir. 1984); *Coe v. U.S. Dist. Court for Dist. of Colorado*, 676 F.2d 411, 415 (10th Cir. 1982). To the contrary, the Federal Rules provide:

> "[e]very pleading shall contain a caption setting forth the name of the court, the title of the action, the file number, and a designation as in Rule 7(a). In the complaint, the title of the action shall include the names of all the parties . . . ."

Fed. R. Civ. P. 10(a). Because anonymous parties are not permitted by the Federal Rules and Mr. Pedro has not identified the anonymous Defendants, the John Doe Defendants must be dismissed from the AC. Even if the Doe Defendants were identified, the court concludes, *supra.*, that Mr. Pedro has not stated an Eighth Amendment claim upon which relief can be granted against them.

F.    Mr. Pedro's Motion to Amend

After filing his Response to Defendant Smith's Motion to Dismiss, Mr. Pedro moved "to amend the previously amended complaint" to "name the United States of America & the Federal Bureau of Prisons as defendants & raise a claim under the Federal Tort Claim[s] Act." (*See* Doc. # 38 at 1 of 3).

Motions to amend are committed to the trial court's discretion. *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). While Fed. R. Civ. P. 15 requires leave to amend be given freely, *see* Fed. R. Civ. P. 15(a)(2), "[t]he broad permissive language appearing in both the rule and the cases does not mean that there are no standards by which the trial court is to be guided." *Moore v. U.S./U.S. Dept. of Agriculture Forest Service*, 864 F. Supp. 163, 164 (D. Colo. 1994) (internal quotation marks and citation omitted). The requirement

that leave to amend be given freely does not apply where an amendment obviously would be futile. *T.V. Communications Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992) (citations omitted). Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted. *Id. See also Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.") (internal quotation marks and citation omitted); *Bauchman v. West High School*, 132 F.3d 542, 559 (10th Cir. 1997) (affirming district court's denial of motion to amend based on futility); *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992) (a court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it fails to state a claim upon which relief may be granted); *Schepp v. Fremont County*, 900 F.2d 1448, 1451 (10th Cir. 1990) (A motion to amend may be denied as futile "if the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim."); *Sheldon v. Vermonty*, 204 F.R.D. 679, 682 (D. Kan. 2001) (In order to determine whether a proposed amendment is futile, the court must analyze the proposed amendment as if it were before the court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)).

The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define this court's subject matter jurisdiction. *See McGinness v. United States*, 90 F.3d 143, 145 (6th Cir. 1996). The United States has not waived sovereign immunity for itself or its agencies under *Bivens* for constitutional tort claims and therefore cannot be sued in a *Bivens* action. *See Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 483-86 (1994) (holding that a *Bivens* action may not be brought against the United States); *Chapoose v. Hodel*, 831 F.2d 931, 935 (10th Cir. 1987) (implied right of action under *Bivens* seeks to impose personal liability and damages on a federal official for violation of a constitutional right and thus only applies against individual defendants in their individual capacities) (internal quotation marks and citations omitted). Mr. Pedro's proposed amendment to name the United States and/or the Federal Bureau of Prisons pursuant to *Bivens* is barred by sovereign immunity.

In enacting the Federal Tort Claims Act ("FTCA"), the United States waived, with certain

exceptions, its sovereign immunity for common law torts committed by its agents in the scope of their employment. *See* 28 U.S.C. § 2674; *Woodruff v. Covington*, 389 F.3d 1117, 1126 (10th Cir. 2004) ("The [FTCA] is a limited waiver of sovereign immunity" that only applies to federal employees.) (internal quotation marks and citation omitted). The Federal Bureau of Prisons ("BOP"), as a federal agency, cannot be sued under the FTCA. *See* 28 U.S.C. § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title shall be exclusive."); *Meyer*, 510 U.S. at 476 ("Thus, if a suit is 'cognizable' under § 1346(b) of the FTCA, the FTCA remedy is 'exclusive' and the federal agency cannot be sued 'in its own name,' despite the existence of a sue and be sued clause.").

As to a federal employee, the FTCA waives sovereign immunity for certain tort claims seeking relief via money damages. 28 U.S.C. § 1346(b)(1); *Franklin Sav. Corp. v. United States*, 180 F.3d 1124, 1140 (10th Cir. 1999). The express terms of such waiver, however, are limited such that a suit may not be brought against the Government, "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). Exhaustion of administrative remedies is a prerequisite to suit under the FTCA. *See id.*; *McNeil v. United States*, 508 U.S. 106, 107 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *Nero v. Cherokee Nation of Oklahoma*, 892 F.2d 1457, 1463 (10th Cir. 1989) (Section 2675 of the FTCA requires that administrative remedies be exhausted before suit is filed in district court.).

Timeliness of suit is also one of the conditions of the government's waiver of sovereign immunity under the FTCA, and the district court lacks subject matter jurisdiction to proceed under the FTCA if a plaintiff fails to satisfy the FTCA's timing requirements set forth in Title 28 U.S.C. § 2401(b). *Dahl v. United States*, 319 F.3d 1226, 1228 (10th Cir. 2003). "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six

months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).  An FTCA tort claim accrues on the date of the injury's occurrence.  *Plaza Speedway Inc. v. United States*, 311 F.3d 1262, 1267-68 (10th Cir. 2002).

Defendant Smith argues that Mr. Pedro's Motion to Amend to raise a claim under the FTCA is futile because his FTCA claim is untimely as a matter of law.  Mr. Pedro argues that this lawsuit was timely filed based on the second FTCA administrative claim that he filed on August 25, 2011.  (*See* Doc. # 44).  Since July 20, 2010, the date Mr. Pedro's claim accrued, he filed two administrative tort claims relating to allegations of negligence.  (*See* Declaration of Terri White, Exhibit A to Defendant Smith's Response (Doc. # 43-1) at ¶ 4).  On November 12, 2010, the BOP received an SF-95 filed by Mr. Pedro alleging that on July 20, 2010 he suffered an acute asthma attack, vomiting, shortness of breath, and physical/mental distress as a result of the negligence of BOP employees in their use of "C.S. gas without prior evaluating inmates with respiratory illnesses . . . ."  (*See* Tort Claim TRT-NCR-2011-0669, Exhibit A-1 to Defendant Smith's Response (Doc. # 43-2) at 3-6 of 13).  On February 18, 2011, the BOP notified Mr. Pedro via certified mail, return receipt requested, that his administrative tort claim was denied.  *See id.* at 3-6 of 13.  Mr. Pedro was advised that he "may file suit in an appropriate U.S. District Court no later than 6 months after the date of mailing of this notification."  *See id.*  Mr. Pedro did not file suit on this claim within six months.

On August 25, 2011, the BOP received a second SF-95 filed by Mr. Pedro alleging the identical claim that he suffered "a severe asthma attack, & vomiting, shortness of breath" as a result of the negligence of BOP employees in "using C.S. gas on inmate Sean Gillespie" on July 20, 2011 [sic].[5]  (*See* Tort Claim TRT-NCR-2011-6421 (Doc. # 43-2) at 9-12 of 13;  Doc. # 43-1 at ¶ 6).  On January 13, 2012, the BOP notified Mr. Pedro via certified mail, return receipt requested, that after an investigation, his administrative tort claim was denied.  (*See id.* at 13 of 13).  Mr. Pedro was advised that he "may file suit in an appropriate U.S. District Court no later than 6 months after the date of mailing of this notification."  *See id.*  Mr. Pedro had already filed

---

[5]   The court assumes that this was a typographical error on Mr. Pedro's part.

the instant lawsuit on October 21, 2011.          First, Mr. Pedro's argument that this lawsuit was timely filed based on the second administrative claim that he filed on August 25, 2011 must fail. The BOP notified Mr. Pedro on January 13, 2012, after he had filed suit, that his second administrative tort claim was denied. "[E]xhaustion, however, is a prerequisite to bringing a civil action against the United States . . . ." *D'Addabbo v. United States*, No. 08-4142, 316 F. App'x 722, 725 (10th Cir. Dec. 2, 2008) (citation omitted). "The Supreme Court has held that the FTCA exhaustion requirement was not satisfied by a pro se claimant who exhausted administrative remedies after filing his complaint." *Id.* (citation omitted).

Second, both of Mr. Pedro's administrative tort claims describe the same event and a single injury. Where a party files duplicative administrative claims, the court may regard the second claim "as either an attempt to re-file the original claim or an attempt to have the agency reconsider its disposition of the original claim." *Roman-Cancel v. United States*, 613 F.3d 37, 42 (1st Cir. 2010). "Either way, the second claim in this case is a nullity." *Id.* If the second claim is viewed as an attempt to re-file, it would not reconfigure the FTCA statute of limitations. "Nothing to change the substance of the claims occurred in the interval between the first and second filings." *Roman-Cancel*, 613 F.3d at 42. Thus, "the second administrative claim served no legitimate purpose." *Id.* "[I]t would be pointless for a court to allow a claimant an opportunity to reopen the FTCA's limitations window by the simple expedient of re-filing a claim to supplant an earlier, functionally equivalent claim on which the window had shut." *Roman-Cancel*, 613 F.3d at 42. "[H]onoring a re-filed claim would frustrate the goal of the FTCA's filing deadlines." *Id.* (citation omitted). "[S]uch repetitive filings should not be given effect." *Id.* (citation omitted). "[O]ne bite at the apple is all that the FTCA's claim-filing scheme allows." *Id.* (citation omitted).

Even if the second claim is viewed as a request to reconsider the denial of the original claim, it would not avoid the FTCA statute of limitations.

> The FTCA sets out a six-month period following the denial of an administrative claim in which an FTCA action premised on that claim may be brought. Prior to the expiration of that period, a claimant, as an alternative, also has six months to file a request with the agency for reconsideration of the previously denied claim. A timely request for reconsideration will toll the six-month period for filing suit for an additional six months (or such shorter period in which the agency actually responds to the request).

> The time parameters for such requests for reconsideration are strictly enforced. This means that an untimely request does not reopen an expired six-month window for the filing of suit.

*Roman-Cancel*, 613 F.3d at 43 (citations omitted). The BOP denied the first administrative claim by letter dated February 18, 2011. The FTCA provides that a plaintiff has six months from the date of mailing of the denial of an administrative claim within which either to (1) file his lawsuit in district court, or (2) file a request for reconsideration with the agency. 28 U.S.C. § 2401(b); 28 C.F.R. § 14.9(b). Mr. Pedro's second administrative claim was not filed until August 25, 2011 – beyond the six-month period allotted for reconsideration requests. In the event that a plaintiff fails to file either a lawsuit or request for reconsideration within the prescribed period, his claim is "forever barred." 28 U.S.C. § 2401(b). *See also Berti v. V.A. Hospital*, 860 F.2d 338, 340 (9th Cir.1988) (only timely request for reconsideration would have tolled the six-month period concerning lawsuit filed after denial of that request). "[N]o matter how the second administrative claim is characterized, it had no practical effect." *Roman-Cancel*, 613 F.3d at 43. Consequently, the first administrative claim is the relevant claim for the purpose of determining the timeliness of the instant action.

The first administrative claim was denied on February 18, 2011. Mr. Pedro had six months from that date within which to sue. See 28 U.S.C. § 2401(b). He commenced this suit on October 21, 2011. This was eight months and three days after the denial of the relevant administrative claim. Mr. Pedro's FTCA claim is untimely. "Since compliance with the six month time limit under the FTCA is a condition of the United States' waiver of sovereign immunity, failure to comply is a fatal defect." *Vélez–Díaz v. United States*, 507 F.3d 717, 720 (1st Cir. 2007) (citations omitted). Accordingly, Mr. Pedro's Motion to Amend the Amended Complaint to "name the United States of America & the Federal Bureau of Prisons as defendants & raise a claim under the Federal Tort Claim[s] Act" is properly denied as futile.[6]

---

[6] Mr. Pedro's proposed Second Amended Prisoner Complaint restates his Eighth Amendment deliberate indifference claim against Defendant Smith. For the reasons set forth in this Memorandum Opinion and Order, Mr. Pedro's Motion to Amend with respect to his claims against Defendant Smith is properly denied as futile.

In conclusion, IT IS ORDERED that:

1.     Mr. Pedro's Motion to Amend (filed July 5, 2012) (Doc. # 38) is DENIED.

2.     "Defendant Smith's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and/or Fed. R. Civ. P. 12(b)(6)" (filed May 25, 2012) (Doc. # 29) is GRANTED for failure to state a claim to which relief can be granted.

3.     This civil action is dismissed.

DATED at Denver, Colorado, this 26th day of September, 2012.

BY THE COURT:


   s/Craig B. Shaffer   
United States Magistrate Judge